## Case No. 1,705.

### In re BOUTELLE.

[2 N. B. R. (1868) 129 (Quarto, 51);[1] 15 Pittsb. Leg. J. 616; 1 Chi. Leg. News, 30.]

District Court, D. New Hampshire.

BANKRUPTCY—DISCHARGE—WHO MAY OPPOSE.

Creditors who have not proved their debts can oppose discharge of bankruptcy; but they must prove, or it must clearly appear from the evidence before the court, that they are bona fide creditors, or the appearance will be denied.

[Cited in Re Murdock, Case No. 9,939; Re Groome, 1 Fed. 469.]

In bankruptcy.

CLARK, District Judge. Hendricks D. Batchelder, a creditor named in the schedule, but proving no debt, moves for leave to appear and resist the discharge of the bankrupt. This motion raises the question whether a creditor who has not proved his debt can be allowed to oppose the discharge of a bankrupt. The twenty-ninth section of the act of March 2d, 1867 [14 Stat. 531], provides: "That upon an application for a discharge by a person adjudged bankrupt, the court shall order notice to be given by mail to all creditors who have proved their debts, and by publication at least once a week in such paper as the court shall designate," to appear, &c. Now if only such creditors as have proved their debts are to be notified to appear, the inference is very strong that no others are expected or allowed to appear, unless there is something else in the act or proceedings which will authorize it.

It seems to be the policy of the bankrupt law to divide the bankrupt's property among his creditors—but to treat none as creditors who do not prove their debts. All creditors named in the schedule are served with notice of the proceedings, that they may come in and prove their debts—but they are not allowed generally to act until they have done so, as against the other creditors, estate or assignee. The various provisions of the act seem to indicate very clearly that no creditors, except such as prove their debts, should "have part" in the proceedings. Thus: Section thirteen. The creditors shall choose an assignee—the choice to be made by the greater part in value and in number of those who have proved their debts. Also —The judge may, on "request in writing of any creditor who has proved his claim," require the assignee to give bond. Same section. Creditors may, with the consent of the court, remove an assignee "by such vote as herein provided for the choice of an assignee," that is, by a majority in number and value of those who have proved their debts. Section 18. The same section provides for filling vacancies in the same manner. And here it is to be remarked, that notice is to be given

to all known creditors—but only those who have proved their debts can act. All are notified, because, if they will, they can prove their debts, and act. All creditors, whose debts are duly proved, shall be entitled to share, &c. Section 27. "The court shall thereupon order notice to be given by mail to all creditors who have proved their debts." Section 29. No person shall be entitled to a second discharge "unless the assent in writing of three-fourths in value of his creditors who have proved their claims," &c. Section 30. In all proceedings "commenced after one year" no discharge shall be granted to a person whose assets do not pay fifty per centum, unless the assent of a majority in number and value of creditors who have proved their claims is filed in the case, &c. Section 33. Section forty-three provides that if three-fourths in value of the creditors, whose claims have been proved, shall determine, &c. Such proceedings are to bind a creditor whose debt is provable, in the same manner as if he had proved his debt. Generally, in all legal proceedings, a person must be a party on the record to entitle him to appear in a suit. Sometimes the party in interest may appear, but he is usually obliged to connect himself with the cause by becoming responsible for the costs, or in some other way.

Under the English bankrupt law, the practice is to admit only those who have proved their debts, to come in and resist the discharge. James, Bankr. 134. Such was the practice under the act of 1841; and it is noticeable that, the language of that act (5 Stat. 443, § 4) provides that notice shall be given to all the creditors, who have proved their debts, and other persons in interest, to appear and show cause why a discharge should not be granted. Yet the court allowed none but creditors who had proved their debts to appear. And in the case of Morse v. Presby, 5 Fost. [N. H.] 299, it was held that notice need be given only to creditors who had proved their debts—a narrow construction of the statute, as the court remarked, but following the rule of the United States court. These provisions and citations would seem to show it to be the intent of the law, that none but creditors who had proved their debts, should be allowed to appear to resist the discharge of the bankrupt. It is true that the discharge will bar the debt of a creditor which is provable and not proved, and it would seem to be equitable that he should have an opportunity of resisting and defeating a discharge, which will bar his debt; and the decision of Hall, J., in Re Shepard [Case No. 12,753], in the northern district of New York, goes upon the ground that a party cannot be bound by proceedings of which he had no notice. But it must be remembered that in the adjudication in bankruptcy, notice goes to all creditors named in the schedule, and to others whose names the debtor may furnish, (section 11 of

---

[1] [Reprinted from 2 N. B. R. 129 (Quarto, 51), by permission.]

the act of 1867,) to come in and prove their debts, and thus become a party to the proceedings, and if he will not, a creditor cannot well complain that the proceedings, so far as he is concerned, are "ex parte." He has a notice and an opportunity. He might be a party if he would, by proving his debt, but he will not; he then cannot complain.

There may be cases where a party could not prove his debt without sacrificing his interests, but they are generally protected by the act. In the northern district of New York, in Re Shepard [supra], it has been held by Judge Hall, that a creditor who had not proved his debt might come in and resist the discharge. In Re King [Case No. 7,784], it was held to the contrary in the southern district, and also by Judge Sherman in the southern district of Ohio. So far, I should be inclined to the opinion that a creditor who had not proved his debt should not be admitted to resist the discharge, but by section ten of the act of March 2d, 1867, the justices of the supreme court of the United States are directed to frame orders, among other things, "for regulating the practice and procedure of the district court in bankruptcy, and the several forms of petitions, orders and other proceedings to be used in said court in all matters under this act."

Pursuing this provision of the statute, the supreme court have framed certain orders, and one upon the application of a bankrupt for a discharge. It is number fifty-one of the general orders—and is in these words: "District of ——, ss.: On this —— day of ——, A. D., 18—, on reading the foregoing petition (petition for a discharge) it is ordered by the court that a hearing be had upon the same on the —— day of ——, A. D., 18—, before said court, at ——, in said district, at —— o'clock m.; and that notice thereof be published in —— newspapers printed in said district for —— times, once a week, and that all creditors who have proved their debts, and other persons in interest, may appear at said time and place, and show cause, if any they have, why the prayer of said petition should not be granted." This language is specific—that other persons in interest, besides creditors who have proved their debts, may appear. It cannot be misunderstood.

The order purports to be the order of the district court, but it is prescribed by the justices of the supreme court of the United States in pursuance of the statute, and is as binding upon the district court as if prescribed by the statute totidem verbis. The interest is a pecuniary one, and must be proved to the court—but when it is shown satisfactorily, this court must give effect to the order. It may have its discretion and say how the interest shall be shown—what proof shall be required and received, but when the proper proof is made the court cannot refuse the party interested the opportunity to appear and oppose the discharge of the bankrupt.

In the case before the court the bankrupt has placed the name of the applicant as his creditor in his schedule of debts. He says he owed him the sum of four hundred and thirty dollars, but that the creditor has security of the value of five hundred dollars, which he has sold, of which sale he, the creditor, retains the proceeds. There is no evidence for what sum the security held by the creditor was sold, nor its value, except the statement in the schedule, to wit: five hundred dollars. This is the only evidence of the applicant's interest. He shows nothing further. He has commenced a suit against the bankrupt, which is still pending; but no judgment has been had, and the suit cannot proceed even to ascertain the amount due, without the consent of this court. There is no evidence that anything is due on that suit, and the court cannot presume that the security sold by the creditor brought less than its value. The applicant does not show a sufficient interest to entitle him to appear and resist the debtor's discharge, and the application is therefore denied.